978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeong Gol KANG, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9511.
 United States Court of Appeals, Tenth Circuit.
 Nov. 5, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the Board of Immigration Appeals dismissing petitioner Kang's appeal of the decision of an immigration judge who refused to continue deportation proceedings and who conducted a hearing when Mr. Kang was not present. Petitioner appeals claiming that the immigration judge abused his discretion when he failed to grant a continuance where good cause was shown, and the continuance would not have prejudiced the service. Petitioner further argues that holding the hearing without Mr. Kang's presence denied petitioner fundamental fairness and infringed his constitutional rights. We affirm.
 
 
 3
 This court reviews a decision of the Board of Immigration Appeals to determine whether the Board has abused its discretion. Our standard and scope of review is exceedingly narrow. Perales v. Casillas, 903 F.2d 1043 (5th Cir.1990). Immigration and deportation decisions are matters particularly entrusted to the executive branch of the federal government. In this case § 242(b) of the Immigration and Naturalization Act, 8 U.S.C. § 1252(b), authorizes a hearing to proceed without an alien being present if the alien has been given a reasonable opportunity to be present and presents no reasonable cause for his refusal to attend. The petitioner in this case clearly had notice of the hearing and an opportunity to attend. The record discloses no reasonable cause for his failure to attend. We hold that the Board of Immigration Appeals did not abuse its discretion in dismissing petitioner's appeal. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3